1
2
3
4
5
6
7

E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
NITHYA SENRA (CABN 291803)
Assistant United States Attorney
     Federal Building, Suite 7211
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-5810
     Facsimile: (213) 894-0115
     E-mail: Nithya.Senra2@usdoj.gov

8

Attorneys for Plaintiff
United States of America

9

10

UNITED STATES DISTRICT COURT

11

FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:23-cv-1145 |
| Plaintiff, | Complaint to recover federal estate taxes and establish personal liability under 26 U.S.C. § 6324(a)(2) |
| v. | |
| BARBARA MALINS, Individually; | |
| CURTIS MALINS, as the Executor or Statutory Executor of the Estate of William G. Malins, and Individually; | |
| CHRISTINE E. RUNNELS, Individually; | |
| WILLIAM O. MALINS, Individually; | |
| Defendants. | |

Plaintiff, the United States of America, complains and alleges as follows:

1.    This is a timely civil action brought by the United States to recover unpaid federal estate taxes, and to determine that the individually named defendants are liable for the unpaid balance of the estate taxes under 26 U.S.C. § 6324(a)(2).

2.    This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal

Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401.

## Defendants

3.     Defendant Barbara Malins (hereafter Barbara) is the second wife of William G. Malins (hereafter Mr. Malins). She is sued in her individual capacity for personal liability under 26 U.S.C. § 6324(a)(2). Barbara resides in Los Angeles County.

4.     Defendant Curtis Malins (hereafter Curtis) is a son of Mr. Malins, and the Executor of the Estate of William G. Malins (the Estate). He is sued in his representative capacity as the appointed or statutory Executor of the Estate under 26 U.S.C. §§ 2002 and 2203. He is also sued in his individual capacity for personal liability under 26 U.S.C. § 6324(a)(2). Curtis resides in San Bernardino County.

5.     Defendant Christine E. Runnels (hereafter Christine) is a daughter of Mr. Malins. She is sued in her individual capacity for personal liability under 26 U.S.C. § 6324(a)(2).

6.     Defendant William O. Malins (hereafter William) is a son of Mr. Malins. He is sued in his individual capacity for personal liability under 26 U.S.C. § 6324(a)(2). William resides in San Bernardino County.

## Jurisdiction and Venue

7.     Jurisdiction over this action is conferred upon this district court by 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1331, 1340, and 1345.

8.     Venue is proper under 28 U.S.C. §§ 1391(b), and 1396 because the tax liability accrued in this district, the estate that is the source of the tax liability was located in this district, and the estate tax return was filed in this district. Further, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and defendants Barbara, Curtis, and William are subject to the court's personal jurisdiction as residents of this district.

## Factual Background

9.     Mr. Malins died on July 2, 2007.

2

10. The Estate's Form 706 Estate Tax Return was filed on October 2, 2008. The return was signed by Curtis as the Executor of the Estate, and reported a total gross estate of $5,453,372, which included non-probate assets which were required to be included on the return under 26 U.S.C. §§ 2034 through 2042.

11. The return reported that Barbara held or received $1,521,330 includible in the gross estate under 26 U.S.C. §§ 2034 through 2042.

12. The return also reported that William held or received $935,965 includible in the gross estate under 26 U.S.C. §§ 2034 through 2042.

13. The return reported that Curtis held or received $935,964 includible in the gross estate under 26 U.S.C. §§ 2034 through 2042.

14. The return reported that Christine held or received $935,964 includible in the gross estate under 26 U.S.C. §§ 2034 through 2042.

15. The estate tax return reported a net taxable estate of $3,205,944, and a total tax liability of $468,763.

16. The amount of tax liability reported on the return was paid in 2008.

17. Subsequently, the estate tax return was selected for audit, and on August 29, 2011, the IRS sent a notice of deficiency to the Estate asserting $246,952 of additional estate tax was owed.

18. The Estate did not file a petition with the U.S. Tax Court challenging the notice of deficiency.

19. The period of limitations for assessment of taxes was suspended for 150 days pursuant to 26 U.S.C. § 6503(a)(1), which includes the 90 days provided to petition the Tax Court, and an additional 60 days thereafter.

20. On January 10, 2012, the Internal Revenue Service assessed additional tax in the amount of $246,952 against the Estate.

21. On October 15, 2014, the IRS received a request for a collection due process hearing from the Estate.

3

22.     On February 22, 2016, the IRS issued its determination of the collection due process hearing request, which became final on March 23, 2016.

23.      The statute of limitations to collect the unpaid estate tax of the Estate was suspended for 525 days pursuant to 26 U.S.C. § 6330(e)(1).

24.     Following the assessment of these additional amounts of estate tax, the Estate has not fully paid its estate tax liability.

25.     As of June 9, 2023, the unpaid balance of the estate tax liability was $538,210.12, computed as follows:

| | |
|---|---|
| Unpaid tax: | $ 246,082.01 |
| Unpaid failure to pay penalty: | $   61,488.00 |
| Unpaid interest: | $ 230,640.11 |
| Total outstanding balance (as of June 9, 2023): | $ 538,210.12 |

## COUNT I

**Claim to Reduce Estate Tax to Judgment Against Executor Under 26 U.S.C. § 2001**

26.     The United States incorporates by reference each and every allegation contained in paragraphs 1 through 25 as though fully stated herein.

27.     On January 10, 2012, the Internal Revenue Service assessed additional tax in the amount of $246,952 against the Estate.

28.     Despite assessment, notice, and demand for payment, the Estate has neglected, failed, or refused to pay the full amount of the estate taxes, penalties and interest owed to the United States.

29.     Under 26 U.S.C. § 2001, an executor appointed by the courts, or in his or her absence, those persons in possession of the decedent's property (statutory executors under 26 U.S.C. § 2203), are liable for the estate tax in their representative capacities.

30.     Accordingly, pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Curtis Malins, in his representative capacity as the appointed or statutory Executor of the Estate, is liable to the United States in the amount of $538,210.12 as of

June 9, 2023, along with statutory accruals for interest and penalties from that date until the date of the judgment, plus post-judgment accruals.

## COUNT II

### Claim to Enforce Liability Under 26 U.S.C. § 6324(a)(2) Against Barbara Malins

31.    The United States incorporates by reference each and every allegation contained in paragraphs 1 through 25 as though fully stated herein.

32.    The Estate has not fully paid its estate tax liability, and as of June 9, 2023, a balance of $538,210.12 was still owed.

33.    On information and belief, the Estate no longer holds any assets, much less any assets sufficient to pay the estate tax liability.

34.    According to the estate tax return, Barbara held or received $1,521,330 included in the gross estate under 26 U.S.C. §§ 2034 through 2042.

35.    By operation of 26 U.S.C. § 6324(a)(2), Barbara , in her individual capacity, is liable to the United States for the lesser of: (i) the Estate's unpaid estate tax, plus its applicable penalties and interest; or (ii) the value of the property included in the gross estate under 26 U.S.C. §§ 2034 through 2042 held or received plus interest on such amount under 26 U.S.C. § 6601 from the date of death until paid.

36.    The value of the property held or received by Barbara included in the gross estate under 26 U.S.C. §§ 2034 through 2042 exceeds the current unpaid balance of the estate tax liability.

37.    Accordingly, the United States is entitled to a judgment that Barbara Malins is personally liable to the United States under 26 U.S.C. § 6324(a)(2) in the amount of $538,210.12 as of June 9, 2023, plus statutory accruals including interest, plus costs and expenses.

## COUNT III

### Claim to Enforce Liability Under 26 U.S.C. § 6324(a)(2) Against Curtis Malins

38.    The United States incorporates by reference each and every allegation contained in paragraphs 1 through 25 as though fully stated herein.

39.     The Estate has not fully paid its estate tax liability, and as of June 9, 2023, a balance of $538,210.12 was still owed.

40.     According to the estate tax return, Curtis held or received $935,964 included in the gross estate under 26 U.S.C. §§ 2034 through 2042.

41.     By operation of 26 U.S.C. § 6324(a)(2), Curtis, in his individual capacity, is liable to the United States for the lesser of: (i) the Estate's unpaid estate tax, plus its applicable penalties and interest; or (ii) the value of the property included in the gross estate under 26 U.S.C. §§ 2034 through 2042 held or received plus interest on such amount under 26 U.S.C. § 6601 from the date of death until paid.

42.     The value of the property held or received by Curtis included in the gross estate under 26 U.S.C. §§ 2034 through 2042 exceeds the current unpaid balance of the estate tax liability.

43.     Accordingly, the United States is entitled to a judgment that Curtis Malins is personally liable to the United States under 26 U.S.C. § 6324(a)(2) in the amount of $538,210.12 as of June 9, 2023, plus statutory accruals including interest, plus costs and expenses.

## COUNT IV

**Claim to Enforce Liability Under 26 U.S.C. § 6324(a)(2) Against Christine Runnels**

44.     The United States incorporates by reference each and every allegation contained in paragraphs 1 through 25 as though fully stated herein.

45.     The Estate has not fully paid its estate tax liability, and as of June 9, 2023, a balance of $538,210.12 was still owed.

46.     According to the estate tax return, Christine held or received $935,964 included in the gross estate under 26 U.S.C. §§ 2034 through 2042.

47.     By operation of 26 U.S.C. § 6324(a)(2), Christine, in his individual capacity, is liable to the United States for the lesser of: (i) the Estate's unpaid estate tax, plus its applicable penalties and interest; or (ii) the value of the property included in the

gross estate under 26 U.S.C. §§ 2034 through 2042 held or received plus interest on such amount under 26 U.S.C. § 6601 from the date of death until paid.

48.     The value of the property held or received by Curtis included in the gross estate under 26 U.S.C. §§ 2034 through 2042 exceeds the current unpaid balance of the estate tax liability.

49.     Accordingly, the United States is entitled to a judgment that Christine E. Runnels is personally liable to the United States under 26 U.S.C. § 6324(a)(2) in the amount of $538,210.12 as of June 9, 2023, plus statutory accruals including interest, plus costs and expenses.

## COUNT V

**Claim to Enforce Liability Under 26 U.S.C. § 6324(a)(2) Against William Malins**

50.     The United States incorporates by reference each and every allegation contained in paragraphs 1 through 25 as though fully stated herein.

51.     The Estate has not fully paid its estate tax liability, and as of June 9, 2023, a balance of $538,210.12 was still owed.

52.     According to the estate tax return, William held or received $935,965 included in the gross estate under 26 U.S.C. §§ 2034 through 2042.

53.     By operation of 26 U.S.C. § 6324(a)(2), William, in his individual capacity, is liable to the United States for the lesser of: (i) the Estate's unpaid estate tax, plus its applicable penalties and interest; or (ii) the value of the property included in the gross estate under 26 U.S.C. §§ 2034 through 2042 held or received plus interest on such amount under 26 U.S.C. § 6601 from the date of death until paid.

54.     The value of the property held or received by William included in the gross estate under 26 U.S.C. §§ 2034 through 2042 exceeds the current unpaid balance of the estate tax liability.

55.     Accordingly, the United States is entitled to a judgment that William O. Malins is personally liable to the United States under 26 U.S.C. § 6324(a)(2) in the

amount of $538,210.12 as of June 9, 2023, plus statutory accruals including interest, plus costs and expenses.

WHEREFORE, the United States respectfully prays that this Court:

A.   Enter judgment against defendant Curtis Malins, in his representative capacity as Executor or Statutory Executor of the Estate of William G. Malins, in the amount of $538,210.12 as of June 9, 2023, plus statutory accruals including interest, until paid;

B.   Enter judgment against defendant Barbara Malins, in her individual capacity, in the amount of $538,210.12 as of June 9, 2023, plus statutory accruals including interest, until paid;

C.   Enter judgment against defendant Curtis Malins, in his individual capacity, in the amount of $538,210.12 as of June 9, 2023, plus statutory accruals including interest, until paid;

D.   Enter judgment against defendant Christine E. Runnels, in her individual capacity, in the amount of $538,210.12 as of June 9, 2023, plus statutory accruals including interest until paid;

E.   Enter judgment against defendant William O. Malins, in his individual capacity, in the amount of $538,210.12 as of June 9, 2023, plus statutory accruals including interest until paid;

//
//
//
//
//
//
//
//
//

8

F.  Award the United States its costs and expenses in this action;

G.  Order any other further relief as the Court may find necessary or appropriate.

Dated: June 15, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

*/s/ Nithya Senra*
NITHYA SENRA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

9